IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **BILAL ABDUL JIHAD,** § <br> Wichita County Jail No. AI 1414, § <br> § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> **WICHITA FALLS POLICE** § <br> **DEPARTMENT, et al.,** § <br> § <br> **Defendants.** § | Civil Action No. 7:18-cv-00031-O-BP |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Bilal Abdul Jihad pursuant to 28 U.S.C. § 2254. ECF No. 1. After consideration of the pleadings and the applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS WITHOUT PREJUDICE** the Petition for Writ of Habeas Corpus (ECF No. 1) for failure to exhaust state remedies.

### Background

Petitioner is an inmate confined in the Wichita County Jail in Wichita Falls, Texas, and brings this action pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner's habeas application and state court records confirm that he is currently awaiting trial in the 78th District Court of Wichita Falls County, Texas, in Case No. 59534-B*1-2, and is charged with manufacturing/delivery and possession of a controlled substance.

### Legal Standards and Analysis

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner must fully exhaust state remedies before seeking federal habeas relief. The exhaustion requirement is designed to "protect the state

court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state court remedies requires submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals ("TCCA") in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. § 2254 Rule 4 Advisory Committee Notes); *see Rodriguez v. Dretke*, No. 5:04-cv-28-C, 2004 WL 1119704, at *1 (N.D. Tex. May 17, 2004) (applying Rule 4 prior to the filing of an answer where this "Court [was] of the opinion that [the petitioner] has failed to exhaust his state court remedies" (citing *Kiser*)).

Petitioner has not satisfied the exhaustion requirement. A review of his petition and the state court records confirms that his case is presently pending before the 78th District Court of Wichita Falls County, Texas (Case No. 59534-B*1-2). Furthermore, while Petitioner brings this action pursuant to 28 U.S.C. § 2254 because Petitioner is still awaiting his trial, he is considered a pre-trial detainee who "may challenge the State's power and authority to bring him to trial and the constitutionality or lawfulness of his confinement by petition for writ of habeas corpus pursuant

2

to 28 U.S.C. § 2241." *See Dickerson v. Louisiana,* 816 F.2d 220, 224 (5th Cir. 1987). "A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if the detainee is "in custody" and he exhausts his "available state remedies." *Ray v. Quarterman*, No. 3:06-cv-850-L, at *1 (N.D. Tex. July 24, 2006), *rec. adopted*, 2006 WL 2844129 (N.D. Tex. Sept. 29, 2006). Thus, whether Petitioner seeks relief under Section 2241 or Section 2254, he is required to fully exhaust available state remedies before submitting his federal habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A) and § 2241. Thus, because Petitioner has failed to exhaust his state remedies, his Section 2254 petition should be dismissed without prejudice pursuant to Rule 4.

## Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** without prejudice for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed March 16, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

4